Can Company. Arguments not to exceed 15 minutes per side. Mr. Thompson for the appellate. You may approach the podium and please introduce yourself and advise us if you require any time for rebuttal. Yes, I would like to request five minutes for rebuttal please. Alright, you may proceed. Your honors, my name is Todd Thompson and I represent appellant Gary House in this appeal of the district court dismissal of his federal and state age discrimination claims on appellee's 12b6 motion. Mr. House alleged that he was 50 years old at the time of his termination from his position as an assistant plant manager at defendants operations outside of Toledo, Ohio. Mr. House alleged in his complaint that he was a qualified assistant plant manager, that he was solicited to this position by Rexam from out of state, that during the course of his employment he was placed on an unwarranted and purely subjective performance improvement plan, that he was treated in contravention of an employment contract that he had with Rexam. But they could do that as long as it wasn't for improper purpose, right? Because of his age. All sorts of conditions on his employment. Exactly, your honor. The ultimate legal issue in this case, and this is an issue that seems to be missed by appellee and was missed by the court below, is whether the plaintiff was terminated because of his age. And to that end, your honor, Mr. House alleged that he was replaced by substantially younger employees. Specifically, he alleged that his duties and responsibilities were assumed by younger employees. He also alleged that throughout the course of his employment he was treated less favorably than substantially younger employees. He also alleged to that end, your honor, that his termination permitted Rexam to retain substantially younger employees. And he also alleged to that end, your honor, that he was terminated just four days prior to his 50th birthday. All those allegations in your complaint, and this is a motion pursuant to 12B6, so the court below determined that your pleadings were deficient. Is that right? I mean, my question would be, have you said enough in your complaint to sustain or overcome a motion to dismiss? Do you have enough factual detail or sufficient allegations stated there? And maybe you can address that. Absolutely, your honor. The court below initially appellee moved to dismiss on grounds that Mr. House failed to identify the specific age of his replacement, the folks who assumed his duties and responsibilities. This court has held very clearly that that kind of particularized pleading is not required by Rule 8, and it's not required under Iqbal Twombly. So the court acknowledged that. What's your best case for that? I'm sorry, Judge. For the statement you made for that proposition, what's your best case that supports that argument? That's Rhoades v. R&L Carriers. I believe that's citing Keyes v. Humana. And in Rhoades, the court stated that you do not have to identify the identity of the comparative. In order for your argument to succeed, you have to argue, I think, that simply alleging that someone younger than you replaced you or took on your responsibilities permits an inference of age discrimination. And yet, surely that's not the case. I mean, this company also recruited your client at close to the age he was at the time he was terminated, which would permit a contrary inference. Well, Judge, that's true. It perhaps would permit a contrary inference, but not at the 12B6 stage. At the 12B6 stage, all inferences are true. You know, there was a time when perhaps your complaint would have been sufficient, but Twombly and Iqbal really changed the whole landscape with respect to what constitutes pleading. You would agree with that, don't you? Well, Twombly and Iqbal have clarified that the no-displeading that is still the law in this country requires plausibility. And at the 12B6 stage, that does not mean that the allegations are to be assessed as to the veracity. At the 12B6 stage, all of the allegations are to be accepted as true, and all inferences are still to be construed in the favor of the plaintiff. As to whether the allegation that an employee was replaced by a substantially younger individual or that duties and responsibilities were assumed by a substantially younger employee, I've supplemented the record this morning, and I brought the case with you. There was another case of mine in the Southern District in the Eastern Division, where the defendants made the same motion to dismiss on the same grounds, but we proceeded with discovery. And what we discovered after the defendants dragged their feet and failed to reveal it until the very last minute was the identity of the substantially younger employee and that employee's age. That allowed me to amend the complaint to identify that person. I don't think the problem the district court saw was your failure to identify the employee. I think it's the absence of other facts. I mean, what you've got is an allegation that the company recruited him when he was very close to the age at which he was ultimately terminated, and he didn't work out for the company, so he was terminated, and somebody younger ended up doing his job. And surely every situation in which those facts exist is not a situation in which it's plausible that age discrimination occurred. In fact, Judge, where those facts exist, one could prevail at trial. Where those facts exist, the law is clear, one can prevail at summary judgment. The McDonnell-Douglas-Burdine evidentiary structure, which is, by the way, sufficient and not necessary to prove discrimination, is very clear that a substantially younger replacement is sufficient to establish a prima facie case of discrimination. Well, the standard is looking not at whether you've pled in this context. We are not looking at whether you've pled enough for a prima facie case if you established it. We're looking at whether it's plausible that age discrimination, in fact, occurred given what you are alleging. Fair enough, Judge. But the prima facie case is precisely what permits the inference of age discrimination. This is U.S. Supreme Court Reeves v. Sanderson plumbing. If you have a prima facie case, if you establish the elements— or, you know, what the real reason for the action was, you're not going to make it at the end of the day. Well, that's true, Your Honor, but we pled pretext precisely with the allegations relating to the PIF. In a conclusory fashion. Well, no, Judge, precisely not. What was more the conclusory about your complaint? Well, Judge— On that point. On the performance improvement plan? Or on the pretext, Judge? The pretext is that—or, Tim, my red light is on, Judge, but may I answer your question? Sure, go ahead. Is that okay? Yes. Judge, the pretext in this case is that Mr. House was terminated five weeks into a 90-day PIP in contravention of the company's own policies. And that the company asserted, admitted, that it terminated Mr. House for doing precisely what he was supposed to do in his capacity as a plant manager. That's how one proves pretext in a case like this. So, there is no way for us to plead more substantially than we did, more sufficiently than we did, where we don't know the specific identity of the replacement. But the law simply doesn't require that. And it shouldn't, for the very reason that I supplemented this morning. Because where the plaintiff is permitted to discover these matters, we find that defendants are hiding the ball under the guise of a heightened pleading standard that should not be applied. So, our inquiry doesn't have anything to do with what you generally think about defendants. I mean, it just doesn't. Well, no, Judge, I have supplemented the record with a case that demonstrates that where a court properly applies the Iqbal Twombly standard, that the proper application of that standard actually permits employees the opportunity to discover these particular facts so that they, at trial or at summary judgment, may prevail. In any event, I've exceeded my time. All right. Thank you. Thank you very much. May it please the court, counsel. My name is John Jarek, and I am the counsel for the appellee, Rexon B.C.N.A. The district court's decision dismissing the age claims under federal and state law should be affirmed. This case is logically indistinguishable from the court's 2013 decision in Hahn v. University of Dayton. In Hahn, Judge Clay, writing on behalf of the unanimous panel, held that merely reciting membership in a protected class, that you were subjectively performing your duties up to par, and that you were terminated is not sufficient to state a plausible cause of action for unlawful age discrimination. Rather, a plaintiff, to survive a motion to dismiss under the Iqbal Twombly standard, must explain why to the court. Why does the plaintiff contend that age was the reason for the termination? Mr. House contends that he connected the dots between the termination and age discrimination by virtue of two allegations in the complaint. Specifically, that he was replaced by somebody that was substantially younger, and secondly, that he was treated less favorably than individuals who were younger. He does not identify who the individuals were that were reportedly treated more favorably, nor the situation in which they were treated. Is that a matter for summary judgment, or do you say that that still meets the Iqbal Twombly? No, Your Honor, it does not meet the Iqbal Twombly. To establish, to survive a motion to dismiss, he would need to articulate some reason why he believes that age discrimination was the reason for the termination. He does articulate a reason, but it doesn't have anything to do with age. That's correct, Judge Gibbons. The only intervening act between the hiring of the individual at age 48 and his termination at age 50 is the alleged public policy conduct that the district court properly dismissed as failure to state a claim. Stripping that from this case, the only allegations that survive are that he subjectively believed he was performing his duties up to par, and that he was 18 months older at the time of termination than he was at the time of hire. And under this court's precedent, that is not enough to survive a motion to dismiss. Did he have the same supervisor at both locations, or the same person who hired him who was responsible for firing him? Or is that in the record? That's not in the record, Your Honor. But he was hired 18 months before the termination. The company paid to move him across the country, paid him a generous salary to perform his duties as assistant manager. When he arrived, he was placed on a performance improvement plan, and thereafter was discharged. That in and of itself is not enough to survive a motion to dismiss under the Iqbal Twombly standard. When he arrived, you didn't mean when he immediately arrived. No, Your Honor. I'm sorry, I misspoke. Eighteen months after his arrival. That might, if not permit an inference of age discrimination, certainly permit an inference of inexplicable behavior. That we were a bad employer, I would agree with that. It was 18 months later. If the Court has no more questions, I respectfully request that the Court affirm the dismissal of the trial court. All right. Thank you. We'll now go to Donald. Your Honors, this idea of connecting the dots, this idea of at the pleading stage, the initial complaint stage, of burdening an individual with constructing an inference as to the why behind an allegation of unlawful intent is contrary to the rules and is contrary to our system of justice. It would effectively close the doors of the federal courts to resolve these kind of civil disputes between individuals who stand at significant evidentiary disparity relative to the corporations who have employed them. And if our federal courts are going to start dismissing these cases out of hand because plaintiffs cannot prove their cases with a complaint, then we're effectively leaving our society free of a dispute resolution system for these kind of disputes. And that should trouble us all. Of course, we have to follow what the Supreme Court says in the Iqbal and Twombly case, right? We have to follow what the Supreme Court says. And even Twombly and Iqbal are very clear that this is not a heightened pleading standard, that they're not modifying Rule 8, they're not modifying Rule 12. Twombly's language is that asking for plausible grounds to infer a claim does not impose a probability requirement at the pleading stage. It simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality. And that I've paraphrased, but that's from page 556. Plausibility cannot mean that the court begins to enter into some kind of analysis as to whether the facts in the complaint are true. Plausibility can only mean that the facts have been pled sufficiently that one who reads that complaint can plausibly derive that the defendant is being sued for some particular reason or another. That is to say that the defendant has received plausible notice of the claim. Nothing in plaintiff's complaint is conclusory. If human resources at trial were to sit in a witness box and say the plaintiff was replaced by a substantially younger person, that would be compelling evidence admissible to the jury of age discrimination. To suggest that that's not a sufficient allegation at the pleading stage, when it would be sufficient evidence to prove the case at trial... That by itself wouldn't be enough to go to the jury, would it? It wouldn't, Judge. But plaintiff in this case has pled beyond the McDonnell-Douglas-Berdeen prima facie case, which again is sufficient but not necessary by this court and the Supreme Court's language. Let me understand your complaint allegations in trying to connect a termination to your client's age. There are allegations in here that your client was terminated in violation of the employer's policies and in breach of fiduciary duties and that kind of thing. But how do we connect that to his age? And I ask that because he was hired in 2012 and then he was terminated in 2013. At least that's what the complaint says. The thing that worries me about that is he wasn't that much older when he was let go than when he was hired. Now how are we going to put the facts together as alleged in the complaint to say that you've adequately pled a case of age discrimination here? Your Honor, my red light is on. May I answer the question? You can always respond to the court. Thank you, sir. Your Honor, two questions that I hear there. First, the answer, how do we connect the dots? How do we get the inference from he was replaced by a substantially younger person and terminated unfairly to age discrimination? And, Your Honor, Reeves v. Sanderson-Plumbing provides us guidance, that's the Supreme Court, that by making out a prima facie case under McDonnell-Douglas and establishing pretext, and this would be at the summary judgment stage, those, simply making out the prima facie case and establishing pretext is sufficient to conclude age discrimination or any other form of discrimination. Is it sufficient to allege that he was replaced by a younger person when you don't know that to be the fact, or at least you can't identify who the younger person is? Plaintiff, Judge, that information, the EEOC would require employers to keep that information private. So, I mean, that information isn't just publicly available. The age of some employee, I mean, this is... But you know he wasn't replaced by a person older than him. Well, Judge, the plaintiff, this is not in the record, and so to that extent, you know, I don't know how relevant it is to the analysis, but the plaintiff is aware and has a pretty good idea of who replaced him. The plaintiff is not aware of that person's age. And the plaintiff is also aware of the folks who... That raises the question of whether you even have a Rule 11 basis for the filing of the complaint. Well, I would respectfully disagree, Judge. You said he was replaced by a younger person, but you just told us that your client has no idea whether he was replaced by a younger person. Well, if that's what I said, Judge, I misspoke. I don't think that is what I said. What I said and would have continued to say is that he has a good idea of who in the organization would replace him. He also has... He knows who remained behind him, who was in employment when he was fired. Now, if now the idea is that where an employee only has that information upon termination is going... You know, the attorney's going to be subject to some kind of Rule 11 for filing a complaint, then we're really shutting the doors. Then we're really saying to plaintiffs, there's no such thing as discrimination in employment anymore. We don't believe you. And we've decided this before you've even made it into the court, before you've even had an opportunity to discover your claims. We just don't believe you. That's not the law. That's not the law in the Supreme Court. That's not the law in the Sixth Circuit. Judge, to answer your second question, the dots are connected because McDonnell-Douglas-Berdeen, under the test, again, that is sufficient but not necessary, McDonnell-Douglas-Berdeen in the fourth element, it only requires through those prima facie case elements that you show membership in protected class, that you show a qualified employee, that you show an adverse employment action. None of those are in dispute here, except they'll probably say he's not qualified. And that you show other evidence of discrimination. The case law is abundant that is showing that substantially younger employees assume the duties and responsibilities or replace the employee is sufficient, more than sufficient. In fact, the replacement judge is the clearest evidence of discrimination because that replacement winds up in the same exact position. So there's no question as to similarity of the comparator. All right. I think we have your argument. Thank you, Judge. Again, I apologize for exceeding my time. That's quite all right. The case is submitted.